BRORBY, Senior Circuit Judge,
dissenting.
I respectfully dissent.
I agree with the majority’s well reasoned argument rejecting Thiele’s commercial impracticability defense. However, I disagree with the majority’s reading of the contract. Because I would limit Leanin’ Tree’s recovery to the purchase price of the equipment, in my view, the cross-appeal seeking damages for labor costs is moot.
Initially, I agree the contract language that purports to eliminate “any form of consequential ... damages” may reasonably be interpreted to contemplate only situations arising after delivery of the equipment. When applying Colorado law, we strictly construe contractual ambiguity against the drafter — in this case, Thiele. United States Fidel. & Guar. Co. v. Bud *330 get Rentr-A-Car Sys., Inc., 842 P.2d 208, 211 (Colo.1992) (en banc). Therefore, I agree Thiele has not successfully limited all liability prior to delivery of the equipment.
Nevertheless, I cannot agree with the majority’s reading of the purchase price damage cap found in the last sentence of paragraph four. In my view, the contextual arguments relied upon by the majority are not sufficient to override the unambiguous language “[i]n no[ ] event shall Seller be liable for damages which exceed the monies paid by Buyer to Seller.” Courts resolving Uniform Commercial Code disputes between sophisticated parties have consistently enforced damage caps preceded with the language “in no event.” See, e.g., Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1070-71 (8th Cir.2000) (holding contract which stated liability “shall in no event exceed the amounts actually paid” was unambiguous and enforceable) (emphasis added); Global Octanes Texas, L.P. v. BP Exploration & Oil Inc., 154 F.3d 518, 521-23 (5th Cir.1998) (enforcing contractual damage cap which read “[i]n no event shall the liability of either party under this Agreement ... exceed $500,000” (emphasis added)).
In this case, the majority asserts the clause “ ‘[i]n no event,’ appears to relate to the preceding sentences of the paragraph,” and therefore “is focused on limiting Thiele’s liability for situations arising after delivery.” According to the majority, both the broader limitation of all direct and indirect damages as well as the purchase price damage cap apply only after delivery of the equipment. This reading appears to make the damage cap irrelevant, since if the equipment were delivered, no damages would have been available anyway. However ambiguous the contract may be, it certainly does not permit a reading where there are no circumstances in which liability could be limited to the purchase price. I do not dispute the contract assumes the equipment will at some point be delivered. It would be a strange equipment sales contract which did not provide for delivery. What I cannot follow is the logical leap from this assumption to the conclusion the contractual damage cap is only operative after delivery. Even if the “in no[ ] event” clause “relates” to the preceding sentences, I believe it is sufficiently broad to cap Thiele’s pre-delivery liability to the purchase price of the equipment. The majority’s reading of the contract comes perilously close to inserting the phrase “except for non-delivery of the equipment” after the words “in no event.”
For these reasons I would reverse and remand on the question of damages.